

FILED

SEP 0 6 2022

CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| WILL C. LACLAIRE, | 5:22-CV-05073-CBK |
| Petitioner, | |
| vs. | OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| DARIN YOUNG, Warden, South Dakota State Penitentiary, ROBERT DOOLEY, Warden, Mike Durfee State Prison, and MARK VARGO, Attorney General of the State of South Dakota, | |
| Respondents. | |

Petitioner was convicted in South Dakota Circuit Court, Seventh Judicial Circuit, Pennington County, of two counts of second-degree rape, simple assault, and DUI. 51CRI18-001350. He was sentenced on March 27, 2019, to concurrent terms of 25 years imprisonment on the rape counts, time served on the simple assault count, and one year imprisonment on the DUI count, to be served consecutively to the rape sentences. He appealed his convictions and sentences and the South Dakota Supreme Court affirmed August 30, 2022. State v. LaClaire, 963 N.W.2d 571 (S.D. 2021). Petitioner has now filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires petitioner to exhaust available state court remedies prior to seeking federal habeas corpus. 28 U.S.C. § 2254(b)(1)(A), Sasser v. Hobbs, 735 F.3d 833, 842 (8th Cir. 2013). "The exhaustion requirement has as its purpose giving state courts 'the first opportunity to review federal constitutional issues and to correct federal constitutional errors made by the state's trial courts.'" Smittie v. Lockhart, 843 F.2d 295, 296-97 (8th Cir. 1988). A state court habeas remedy is available to petitioner pursuant to SDCL 21-27-1.

It plainly appears from the petition as well as from the records of the South Dakota Unified Judicial System, of which I take judicial notice, that petitioner filed a state court habeas action on the same date he filed the instant federal petition. 51CIV22-000919. That petition is still pending.

Pursuant to 28 U.S.C. § 2254(b), the petition must be dismissed without prejudice to allow petitioner an opportunity to exhaust his state court remedies.

Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus is dismissed without prejudice for failure to exhaust state court habeas remedies.

DATED this 6th day of September, 2022.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

2